**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KIM DALE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **No. 11-1036-CM** |
| ) | |
| **HAWKER BEECHCRAFT COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————————) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's Objection to Magistrate Judge's Report and

Recommendation (Doc. 7). Magistrate Judge Humphreys recommended denying the Motion to

Proceed Without Payment of Fees because she found that plaintiff does not qualify to proceed *in

forma pauperis* (Doc. 6). Plaintiff timely objected to the Report and Recommendation.

In reviewing a magistrate judge's Report and Recommendation, the district court makes a

"*de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In the court's review, the

court must "consider relevant evidence of record and not merely review the magistrate judge's

recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The court has reviewed the

record in accordance with this standard, and finds that plaintiff's objection should be overruled.

A court of the United States may allow commencement of an action without payment of the

required fees by a party who submits an affidavit showing inability to pay such fees. 28 U.S.C. §

1915(a)(1). The decision to grant *in forma pauperis* status to a claimant is within the sound

discretion of the trial court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir.

Apr. 23, 1999). Courts should grant the privilege of proceeding without paying required fees

sparingly; however, courts must not deny a claimant the privilege of *in forma pauperis* status

arbitrarily or erroneously.  *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1

(D. Kan. Apr. 9, 1997).

Plaintiff reported a weekly income of $1,000 and monthly expenses of $3,324 in her

Affidavit of Financial Status.  In her objection, plaintiff claims an additional monthly expense of

$247.  Plaintiff stated that she receives $1,700 annual income as a result of owning real property and

has $2,000 "cash on hand" in the form of a checking account.  (Doc. 5.)  Even accounting for the

increased monthly expenses that plaintiff claims in her objection, her reported income exceeds her

monthly expenses by approximately $500.

In *Buggs*, the court found that a monthly income that exceeded monthly expenses by $384

was sufficient to deny granting *in forma pauperis* status to the claimant.  *Id.* at *1.  Plaintiff has

nearly twice the discretionary income per month as the plaintiff in the *Buggs* case and $2,000 readily

available in a checking account.  Based on the specific financial figures provided, it appears that

plaintiff is able to pay the required fees.

Plaintiff has described a financial status that indicates an ability to pay the required fees.[1]

Although a burden may result from the payment of these fees, § 1915 requires the claimant be

---

[1]  Plaintiff's claims of additional circumstances do not specifically address her financial status.  In her objection to the Report and Recommendation, plaintiff states that she lost her job with defendant for a ten-month period during 2008 and 2009 and that she lost part-time employment that was materially helpful in the payment of her monthly expenses.  The objection does not make clear when this part-time employment ended, and plaintiff does not provide a revised monthly income incorporating this loss of employment.  The only additional monthly expense raised in plaintiff's objection does not alter her financial status to an extent that would justify granting *in forma pauperis* status.  *See, e.g., Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. May 25, 2005) (denying a motion to proceed without payment of the required fees because the claimant had not provided financial information sufficiently specific to fully evaluate her financial status).

-3-

unable to pay the fees for a court to grant *in forma pauperis* status.  Therefore, the Report and

Recommendation to deny plaintiff's Motion to Proceed Without Payment of Fees is affirmed.

**IT IS THEREFORE ORDERED** that plaintiff's Objection to Magistrate Judge's Report

and Recommendation (Doc. 7) is overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Humphreys' Report and

Recommendation (Doc. 6) is adopted in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Payment of Fees

(Doc. 3) is denied.

Dated this 19th day of July 2011, at Kansas City, Kansas.


**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**