IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIM DALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1036-CM |
| | ) | |
| HAWKER BEECHCRAFT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORDANDUM AND ORDER

Before the court is defendant Hawker Beechcraft's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 18) and defendant's motion to strike (Doc. 28). Defendant's motion to dismiss or, in the alternative, motion for summary judgment argues that plaintiff's complaint is time-barred. The court does not reach the merits of either of defendant's motions because the court determines, *sua sponte*, that the court lacks subject matter jurisdiction. Therefore, the court dismisses plaintiff's second amended complaint without prejudice, grants plaintiff fifteen days to file an amended complaint, and denies defendant's motions as moot.

A federal court is obligated to evaluate its own jurisdiction even when the issue has not been raised by the parties. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). Plaintiff's second amended complaint is the operative complaint and alleges that defendant discriminated against her on the basis of sex, age, and race. (Doc. 14 at 3.) These claims appear to arise under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination Employment Act ("ADEA"). Before bringing a Title VII or ADEA claim in federal court, a plaintiff must exhaust her administrative remedies with the Equal

Employment Opportunity Commission ("EEOC").  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  The Tenth Circuit has explained that exhaustion of administrative remedies in Title VII and ADEA cases is a jurisdictional prerequisite.[1]  *Id.*  Therefore, a plaintiff bringing claims under either act must "plead and show" exhaustion.  *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1063 (10th Cir. 2002); *see Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 955 (10th Cir. 2007) (noting that the exhaustion pleading requirement applies to Title VII, the ADEA, and the Americans with Disabilities Act).

Plaintiff's second amended complaint does not plead nor factually demonstrate that she exhausted administrative remedies for her claims.  For example, the portion of her complaint titled "Administrative Remedies" is entirely blank.  (Doc. 14 at 5.)  Indeed, her second amended complaint actually suggests that she still has a pending charge with the EEOC.  (*Id.* at 4.)  And plaintiff has not attached any documents (e.g., a notice to sue letter, communications from the EEOC, communications from the Kansas Human Rights Commission) to her complaint.  Based on a review of her second amended complaint, the court determines that it lacks subject matter jurisdiction over plaintiff's claims.  Accordingly, the court dismisses plaintiff's second amended complaint without prejudice.

The court recognizes that plaintiff is proceeding *pro se*.  Therefore, the court will grant plaintiff until January 30, 2012, to file an amended complaint that includes allegations regarding the exhaustion of her administrative remedies.  Failure to file an amended complaint within that time will result in plaintiff's action being dismissed without prejudice without further notice.  In response to the amended complaint, defendant may answer, move, or otherwise respond as necessary.  Because the court has not reached the merits of defendant's motion to dismiss or, in the alternative, motion for

---

[1] The court recognizes that some Tenth Circuit panel decisions have questioned the characterization of exhaustion as a jurisdictional prerequisite in the employment context.  *See Pretlow v. Garrison*, 420 F. App'x 798, 802 n.4 (10th Cir. 2011) (collecting cases questioning this characterization).  The courts, however, remain bound by existing precedent on this issue.  *Id.*

summary judgment—or even substantively reviewed the motion—and is denying defendant's motion as moot, defendant may refile this motion in response to plaintiff's amended complaint.

**IT IS THEREFORE ORDERED** that the court dismisses plaintiff's second amended complaint without prejudice because the court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the court grants plaintiff until January 30, 2012, to file an amended complaint that includes allegations regarding the exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 18) is denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion to strike (Doc. 28) is denied as moot.

Dated at this 13th day of January 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge