IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KIM DALE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 11-1036-CM |
| | ) |
| **HAWKER BEECHCRAFT,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## MEMORDANDUM AND ORDER

Defendant Hawker Beechcraft moves to strike plaintiff Kim Dale's response to defendant's second motion to dismiss and the exhibits attached to her response (Doc. 40). Defendant argues that plaintiff's response should be stricken because it discusses the terms of a confidential and irrelevant settlement agreement and that her exhibits should be stricken because the exhibits include an unsigned copy of that settlement agreement. Defendant also moves for sanctions against plaintiff. Specifically, defendant requests that the court sanction plaintiff because she discussed and attached the settlement agreement in bad faith. As a sanction, defendant requests an award of the attorneys' fees incurred in preparing the motion to strike.

### I.      Motion To Strike

Defendant moves to strike under Federal Rule of Civil Procedure 12(f). This rule provides that the court make strike "pleadings," and motions are not pleadings. *See* Fed. R. Civ. P. 12(f) and 7. Indeed, the Tenth Circuit has explained that "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda . . . ." *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. Mar. 2, 1992).

But a district court does have the inherent power to control its own docket and impose order. *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). The Tenth Circuit has explained that "[t]his power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *Id.* A court also has an inherent power to "levy sanctions in response to abusive litigation practices." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

Plaintiff's response to the current motion concedes the settlement agreement and associated discussion should not have been filed. And, after a cursory review of the documents, it appears that the settlement agreement is not currently relevant to any issue in this lawsuit. Moreover, plaintiff has not offered any argument regarding the relevancy of the settlement agreement to an issue before the court.

Striking documents is a disfavored action. And the court wants to resolve defendant's motion to dismiss or, in the alternative, motion for summary judgment on the merits with the benefit of a response from plaintiff addressing the merits of defendant's motion. Therefore, the court strikes plaintiff's current response to defendant's motion to dismiss and the attached exhibits (Doc. 36) but grants plaintiff until 5:00 PM on **April 16, 2012**, to file a new response to defendant's motion. If plaintiff so chooses, instead of filing a new response, she can file a document requesting that the court consider her response to defendant's original motion to dismiss, which is docket number 24. Defendant has until 5:00 PM on **April 20, 2012**, to file a reply.

**II.     Motion For Sanctions**

Defendant also requests that the court sanction plaintiff for filing the documents in bad faith. Although the court is very skeptical of plaintiff's explanation for why these documents were filed, the

court notes that she concedes that these documents should not have been filed.  Accordingly, the court will not sanction plaintiff at this time.  The court is unlikely to be as lenient in the future.

**IT IS THEREFORE ORDERED** that the court grants defendant's motion to strike (Doc. 40). The court strikes docket number 36.

**IT IS FURTHER ORDERED** that the court grants plaintiff until 5:00 PM on April 16, 2012, to file a new response to defendant's motion to dismiss or, in the alternative, motion for summary judgment or to indicate her desire to have the court consider docket number 24 as her response.

**IT IS FURTHER ORDERED** that the court grants defendant until 5:00 PM on April 20, 2012, to file a reply.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions (Doc. 40) is denied.

Dated at this 6th day of April 2012, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge