IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIM DALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-1036-CM |
| ) | |
| HAWKER BEECHCRAFT CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

Defendant moves to dismiss or for summary judgment in its favor on plaintiff's claims (Doc. 32). Specifically, defendant argues that plaintiff's discrimination claims are time-barred because she failed to submit her complaint <u>and</u> pay the filing fee within ninety days of receiving her right to sue notice from the Equal Employment Opportunity Commission ("EEOC"). Defendant further argues that the court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. The court agrees that plaintiff failed to formally file her complaint within the ninety-day limitations period because she did not timely pay the required filing fee. And the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the court grants defendant's motion.

**I.    Background**

Plaintiff is proceeding *pro* se, and she submitted her original complaint and her petition to proceed *in forma pauperis* ("IFP") to the clerk's office on February 9, 2011. Her complaint was stamped "FILED" as of this date. This court ultimately denied plaintiff's IFP petition on July 19, 2011. Nearly five weeks later—on August 24, 2011—plaintiff submitted the required filing fee.

-1-

After paying the filing fee, plaintiff filed multiple amended complaints.  The most recent complaint—and the operative complaint for purposes of this motion—was filed on January 25, 2012.  This complaint alleges similar claims as her original complaint and includes as an attachment her right-to-sue notice from the EEOC.  Specifically, plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Americans Disabilities Employment Act ("ADEA") as well as various state law claims.[1]

Defendant moves to dismiss plaintiff's operative complaint because plaintiff did not pay the required filing fee within the ninety-day limitations period as required for her federal claims.  Defendant also asserts that—without the federal claims—the court will have dismissed all claims over which it had original jurisdiction and urges the court to decline to exercise supplemental jurisdiction.

**II.     Analysis**

      **A.  Plaintiff Must Bring Her Federal Discrimination Claims Within Ninety Days Of Receiving Her EEOC Right-To-Sue Notice**

Federal law requires a plaintiff asserting a claim under Title VII, the ADA, or the ADEA to bring a civil action within ninety days after receiving a right-to-sue notice from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1) (explaining that a civil action may be brought within ninety days after receiving notice); 42 U.S.C. § 12117(a) (incorporating ninety-day limitations period into the ADA); and 29 U.S.C. § 626(e) (incorporating ninety-day limitations period into the ADEA).  This filing

---

[1] Despite the early stage of this case, the record is convoluted.  Defendant originally moved to dismiss plaintiff's complaint on November 18, 2011.  In a January 13, 2011 order, this court determined *sua sponte* that it lacked subject matter jurisdiction, denied defendant's motion as moot, and granted plaintiff leave to file an amended complaint.  Plaintiff filed an amended complaint on January 25, 2012.

Defendant refiled its motion to dismiss, and this motion is currently before the court.  Plaintiff's opposition to this motion was stricken because—as plaintiff agreed—her opposition included irrelevant and confidential information.  The court granted plaintiff until April 16, 2012 to file a new opposition.  Plaintiff missed this deadline, so the court entered a show cause order on April 19, 2012.  Plaintiff subsequently filed an opposition (Doc. 46) and a response to the show cause order (Doc. 49).  Both documents include information that was previously stricken, so the court placed both documents under seal.  In deciding this motion, however, the court considered the entirety of both documents. .

-2-

requirement is a condition precedent to suit and functions like a statute of limitations.  *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).  Therefore, plaintiff's claims are time-barred and subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) if she failed to bring her civil action within the ninety-day limitations period.  *See Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) ("[M]otions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6).").

Plaintiff's complaint does not allege when she received her EEOC right-to-sue notice.  But the Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day presumption" of receipt after the EEOC letter was mailed.  *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).  Plaintiff's right-to-sue notice, which is attached to her operative complaint, is dated December 1, 2010.  Applying the five-day presumption, she received the right-to-sue notice on December 6, 2010,  Accordingly, plaintiff had ninety days from December 6, 2010, to bring a civil action.

### B. Plaintiff Failed To Bring Her Federal Claims Within The Ninety-Day Limitations Period

Plaintiff submitted her original complaint and her IFP petition to the court clerk on February 9, 2011.  Defendant agrees that the she submitted the complaint within ninety days of December 6, 2010, but argues that simply submitting her complaint to the clerk does not satisfy the ninety-day deadline.  Rather, defendant argues, plaintiff must submit her complaint and pay the required filing fee before a civil action is commenced.

The court agrees that some districts do not formally file a complaint until the filing fee is paid.  In those districts, the proper analysis of the ninety-day limitations period in the context of a plaintiff who submits a complaint accompanied by an IFP motion is to toll the limitations period while the IFP motion is pending.  *Jarrett v. U.S. Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994).  If the IFP motion is granted, then the formal filing of the complaint relates back to the submission of the

complaint to the clerk. *Id.* In other words, the complaint is considered formally filed the day the plaintiff presented the complaint to the clerk. If the IFP motion is denied, then the time that the IFP motion was pending as well as the three additional days for mailing is excluded from the ninety-day limitations period. *See id.* ("[W]e hold that the 90-day limitation period was only tolled for [the pendency of the IFP petition], and the additional three days required by Fed. R. Civ. P. 6(e)."). The complaint will not be considered formally filed until the required fee is paid. *Id.*

In *Jarrett*, the Tenth Circuit suggested without deciding that this district does not formally file a complaint until the required fee is submitted. *Id.* at 259 n.3. Defendant argues that this is the procedure in the District of Kansas, and plaintiff does not challenge this position. Therefore, applying the above standard renders plaintiff's complaint untimely. Plaintiff submitted her complaint and IFP motion on February 9, 2011, which is sixty-five days after she received the EEOC right-to-sue notice. Her IFP motion was denied on July 19, 2011. Adding three days for mailing the order denying her IFP petition, the ninety-day limitations period started again on July 22, 2011. Plaintiff did not pay her filing fee until August 24, 2011, which means she missed the deadline by eight days. Accordingly, plaintiff did not commence her civil action within ninety days of receiving her right-to-sue notice.

The court notes, however, that the Administrative Procedures Guide for the District of Kansas suggests that the procedure in this district has changed. Specifically, the Administrative Procedures Guide states that "[n]ew cases are deemed filed the day the clerk's office receives the complaint . . . as long as the clerk's office receives any required filing fee as soon as possible." Admin. P. Guide at II(A)(2)(c) (*available at* http://www.ksd.uscourts.gov/civil-cases-administrative-procedure-for-filing-signing-and-verifying-pleadings-and-papers-by-electronic-means/) (last visited April 26, 2012). The court also notes that the clerk stamped plaintiff's complaint "FILED" on February 9, 2011. *Compare to Jarrett*, 22 F.3d at 259 n.3 (noting that the complaint was stamped "Received").

Even if the procedure has changed and this district considers complaints filed upon submission so long as the filing fee is paid "as soon as possible," the outcome in this case is unchanged. Plaintiff filed her complaint and IFP motion after sixty-five days. The "as soon as possible" language would have to exclude the period during which plaintiff's IFP motion was pending as well as the three days required for mailing. Because her IFP motion was denied, plaintiff had to pay the required filing fee "as soon as possible" after July 22, 2011. She did not pay the required fee until over a month later, and she has provided no argument or explanation for this delay. The court determines that on the facts of this case, plaintiff did not pay the required fee "as soon as possible." Therefore, she is outside the grace period provided by the Administrative Procedure Guide and the complaint is not considered formally filed until the required fee is paid. As explained above, the fee was not paid—and, therefore, her complaint was not formally filed—until after the ninety-day limitations period.

### C.  Plaintiff Provides No Basis For Waiver, Estoppel, Or Equitable Tolling

Because the ninety-day limitations period functions like a statute of limitations, it is subject to waiver, estoppel, or equitable tolling. *Jarrett*, 22 F.3d at 259–60. The court is mindful of plaintiff's *pro se* status and construes her pleadings broadly. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (instructing courts to liberally construe a *pro se* litigant's pleadings). Despite this generous review, plaintiff has provided no basis for applying any of these equitable principles. Indeed, plaintiff's opposition is largely non-responsive and fails to address the merits of defendant's motion. And the court will not act as plaintiff's advocate and construct arguments on her behalf. *See id.* (cautioning that the court should not become the *pro se* litigant's advocate).

The Supreme Court has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). The ninety-day deadline is one such requirement. Plaintiff has not provided any basis for the court to disregard

this deadline even when her complaint and papers are liberally construed and all reasonable inferences are drawn in her favor. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the court determines that her federal discrimination claims are time-barred and should be dismissed pursuant to Rule 12(b)(6).

### D. The Court Declines To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Because the court dismisses plaintiff's federal discrimination claims, the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff and defendant are not diverse, and any allegations remaining in plaintiff's complaint arise under state law. Although the court could exercise supplemental jurisdiction over plaintiff's state law claims, the court declines to do so. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). There are no compelling circumstances that justify this court retaining jurisdiction. In addition, this case is in the early stages as a scheduling order has not been entered and no formal discovery has been exchanged. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

**IT IS THEREFORE ORDERED** that defendant's second motion to dismiss or, in the alternative, for summary judgment (Doc. 32) is granted. Plaintiff's complaint is dismissed.

Dated this 27th day of April, 2012, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
United States District Judge
